<hr/>

CLAYTON EDWARD GOURLEY, ET AL, V. STATE

No. 33,031. March 15, 1961

Motion for Rehearing Overruled April 19, 1961

WOODLEY, Presiding Judge, absent.

*P. P. Ballowe,* Dallas, for appellants.

*Henry Wade,* Criminal District Attorney, *James M. Williamson,* Assistant District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge

This is an appeal by E. Colley Sullivan and M. E. Fields as sureties upon the bail bond of Clayton E. Gourley from a final judgment of the County Criminal Court No. 2 of Dallas County upon a forfeiture of said bond.

Judgment nisi was entered August 19, 1960. Such a judgment on a bail bond is interlocutory and conditional. It provides that said judgment would be made final unless good cause be shown at the next term of said court why the defendant did not appear.

In answer to the judgment nisi the sureties set up and established by proof that their principal had been charged and arrested for other criminal offenses in Dallas County and was confined continuously in the Dallas County Jail on such charges from August 14 until his release August 23, 1960. The sureties contend that such confinement at the time the judgment nisi was entered August 19 prevented the appearance of the principal in court and exonerates them.

Art. 436, V.A.C.C.P., provides, in part:

"The following causes, and no other, will exonerate the defendant and his sureties from liability upon the forfeiture taken: * * * (3) Sickness or some uncontrollable circumstance which prevented his appearance at court, and it must, in every case, be shown that his failure to appear arose from no fault on his part. The causes mentioned in this subdivision shall not be deemed sufficient to exonerate the principal and his sureties unless such principal appear before final judgment on the recognizance or bail bond to answer the accusation against him, or show sufficient cause for not so appearing."

The confinement in jail of the principal from August 14 until his release August 23, the entry of the judgment nisi August 19, and the entry of the judgment final October 14, 1960, would not authorize a complete exoneration of the sureties.

According to the requirements of Art. 436, supra, when the principal was released from jail August 23, it was incumbent upon him to appear in said court before final judgment on the bail bond on October 14 to answer the accusation against him or show sufficient cause for not so appearing. He did not comply with either of these provisions but wholly made default. Therefore, the sureties were not exonerated on the bail bond. 8 Tex. Jur. 2d 223, Sec. 99.

Finding no error, the judgment is in all things affirmed.

Opinion approved by the Court.